# LAW OFFICES OF JILL R. SHELLOW

Telephone:  212.792.4911  /  Fax:  212.792.4946  /  jrs@shellowlaw.com
All correspondence to:  80 Broad Street, Suite 1900, New York, NY 10004

**All Correspondence During COVID Pandemic**:
Post Office Box 612 / Hastings on Hudson, NY  10706

October 16, 2020

**BY EMAIL AND ECF**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007
Failla_NYSDChambers@nysd.uscourts.gov

  RE: *United States v. Khaliq Donaldson*, 17-cr-449(KPF)

Dear Judge Failla:

  I am briefly responding to the Government's Opposition to Khaliq Donaldson's Motion for Compassionate Release.

  Shockingly the government states that "the COVID-19 pandemic is not an extraordinary and compelling reason" for a compassionate release.  The corona virus is highly contagious.  At last count, more than 8 million people in the United States have contracted the virus.  And the virus is deadly.  As of 2:20 PM this afternoon 218,097 people in the United States have died.  *See* https://covidusa.net/.  Even using BOP's own statistics, which some have said significantly understate infections, 64,656 inmates have been tested and 16,071 have tested positive – a positivity rate of 25 percent.  *See* https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 15, 2020 at 6:40 PM).  Inmates are 4.8 times more likely to contract COVID-19 than the general public.  *See* Exh. A.  How many people must get sick and die before the Government concedes this plague is an extraordinary and compelling reason to reduce an inmate's sentence? We do not argue that COVID-19 alone supports reducing Mr. Donaldson's sentence.  Rather it is one extraordinary and compelling reason of many.

  The Government also argues that because Mr. Donaldson survived COVID-19 the first time, this "mitigates any concerns raised by Donaldson about the adequately [sic] of BOP's COVID-19 safety measures."  Mr. Donaldson's letter to Your Honor makes clear

The Honorable Katherine Polk Failla
**United States District Judge**
October 16, 2020
Page 2

that he is alive despite the neglect of Danbury's medical staff, not because of any treatment he received.

      Finally, the Government argues that the factors enumerated in 18 U.S.C. § 3553(a) outweigh all others and therefore Mr. Donaldson's request should be denied.  We argue that the medically related circumstances and the 3553(a) factors taken together satisfy Mr. Donaldson's burden to establish extraordinary and compelling reasons to reduce his sentence.

      Thank you for your consideration.

                                              Respectfully submitted

                                              Jill R. Shellow
                                              *Counsel for Khaliq Donaldson*

cc:    AUSA Jessica K. Feinstein
         (By email and ECF)

After careful review of the parties' submissions, including the exhibits to Mr. Donaldson's initial submission, the Court denies his request for compassionate release, in the form of a resentencing to time served and release from custody to live with his mother.  (See Dkt. #530-533).  The Court notes that a recent decision from the United States Court of Appeals for the Second Circuit, United States v. Brooker, — F.3d —, No. 19-3218-cr, 2020 WL 5739712, at *6-7 (2d Cir. Sept. 25, 2020), made clear that neither U.S.S.G. § 1B1.13 nor the BOP's Program Statement constrains a district court's discretion to determine what reasons qualify as "extraordinary and compelling."  However, this Court still looks to those materials for guidance.  More to the point, the Court does not believe that the combination of Mr. Donaldson's medical conditions, the existence of the COVID-19 pandemic, and his post-offense rehabilitation amount to extraordinary and compelling reasons for his release.

To begin, the Court commends Mr. Donaldson for his efforts at self-improvement while incarcerated, including his work towards obtaining a GED and his plans for work post-release.  But the law is clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  Brooker, 2020 WL 5739712, at *8 (quoting 28 U.S.C. § 994(t)).  In consequence, the Court has focused on Mr. Donaldson's medical conditions and the attention he has received from BOP personnel.  While the Court is saddened to learn that Mr. Donaldson contracted COVID-19 while at FCI Danbury, it is pleased to learn of his recovery.  On balance, and after reviewing his medical records, the Court believes that Mr. Donaldson has received and will continue to receive adequate medical care at FCI Danbury.  Additionally, the Court believes that the possibility of Mr. Donaldson contracting the virus a second time does not warrant compassionate release.  As the Government noted, the Centers for Disease Control and Prevention (CDC) has downgraded moderate to severe asthma to conditions that might result in an increased risk of severe illness from the virus.  Moreover, the BOP reports that, as of this morning, FCI Danbury lists only three inmates and one staff member as currently testing positive for COVID-19.

Even were the Court to find Mr. Donald's conditions and rehabilitative steps to constitute extraordinary and compelling circumstances, it would not grant the relief he seeks.  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a).  In this regard, the Court notes that Mr. Donaldson's conduct as a member of the Hooly Gang was serious, and that his prison disciplinary record reflects several infractions, including threatening a prison officer with bodily harm.  For all of these reasons, the application is denied, and the Clerk of Court is directed to terminate the motion at docket entry 530.

Dated:  New York, New York           SO ORDERED.
        October 27, 2020

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE